Scott M. Grace, SBN 236621
Grace Law, APC
1958 Sunset Cliffs Boulevard
San Diego, CA  92101
Phone: (619) 346-4611
Facsimile: (619) 501-8106
sgrace@gracelawapc.com

Attorney for Plaintiff Samantha Matheus

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Samantha Matheus,<br><br>                                 Plaintiff,<br><br>vs.<br><br>I.Q. Data International, Inc.; Montage Apartments Property Owner, LLC; and Does 1-5.<br><br>                                 Defendant. | Case No. 2:21-cv-348<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>• FEDERAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Complaint                                                                                                      Case # 2:21-cv-348

## I. Introduction

1. Plaintiff Samantha Matheus, ("Matheus" or "Plaintiff"), through her counsel, brings this action to challenge the acts of Defendants I.Q. Data International, Inc. ("I.Q. Data") and Montage Apartments Property Owner, LLC (hereinafter "Montage") (collectively "Defendants") regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as Does 1 through 5, and therefore, sues the Defendants by such fictitious names.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. JURISDICTION AND VENUE

6. This action arises out of violations by each of the Defendants of the FDCPA under 15 U.S.C. §1692, *et seq.* Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d).

7. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)1.

### III.   Parties

*Plaintiff*

9.   Plaintiff is a natural person residing in Folsom, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a consumer debt, allegedly owed to I.Q. Data (hereinafter "Debt").

*I.Q. Data*

10.   Plaintiff is informed and believes that Defendant I.Q. Data is and was at all relevant times a Washington corporation, whose principal purpose is to collect money on the debts it purchases, and as such I.Q. Data is a "debt collector" under 15 U.S.C. §1692a.

*Montage*

11.   Plaintiff is informed and believes that Defendant Montage is and was at all relevant times a California limited liability company, or "LLC" and a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another with its principal place of business located at 11766 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90025, and is therefore a debt collector as that phrase is defined by 15 U.S.C. §1692a(6).

### IV.   Facts Common to all Claims for Relief

14.   On May 29, 2018, I.Q. Data, through counsel, filed a complaint ("Collection Complaint") in the Superior Court of California for the County of Sacramento against Plaintiff, in the matter of *I.Q. Data International, Inc. v. Samantha Matheus*, case number 34-2018-00234039 (Exhibit 1).

15.   The basis of the Collection Action was an account allegedly owed to Montage. Plaintiff believes Montage assigned the alleged account to I.Q. Data for collection purposes.

16. Matheus denies that she owes any money on the alleged account to Montage and/or I.Q. Data.

17. Matheus was later served with the Collection Complaint.

18. Matheus filed and served an Answer to the Collection Action on July 19, 2018 upon I.Q. Data through its counsel.

19. From July 19, 2018 onward, numerous communications between Matheus and I.Q. Data through their respective counsel took place by phone, email, and exchanged through the mail.

20. The Collection Action is pending in Sacramento County Superior Court.

21. I.Q. Data was well aware that Matheus was represented by counsel, and as such, all communication should be directed to her attorney's office.

22. On or about January 27, 2020, Matheus received a letter dated January 25, 2020 from I.Q. Data which was delivered to her personal address, not Grace Law, APC. At all times herein, the Cross-Defendant was attempting to collect the alleged debt from Plaintiff, and that debt was a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. By engaging in the foregoing conduct, the natural consequence being harassment and oppression of Matheus, in connection with the collection of a debt, Defendants violated 15 U.S.C. §1692c and 15 U.S.C. §1692d.

24. Plaintiff was harmed by Defendants' conduct because Defendants' improper debt collection practices caused unnecessary confusion, complications and caused actual damages to Plaintiff by forcing her to have to send numerous ineffective notifications regarding Plaintiff's representation by counsel.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

25. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

26. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

a. Communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, in violation of 15 U.S.C. §1692c.

b. Engaging in behavior the natural consequence of which is to harass, abuse or oppress, or abuse any person in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692d.

27. Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

*FDCPA*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against Defendants and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Date: January 14, 2020                    /s/Scott M. Grace
                                          Scott M. Grace
                                          Attorney for Plaintiff